JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Lovick Bellinger

**(b)** County of Residence of First Listed Plaintiff: Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Simon and Simon
1818 Market Street, Suite 2000, Philadelphia PA 19103
215-467-4666

### DEFENDANTS
Eddie V. Bell, Jr. and Heritage Mechanical Services, LLC

County of Residence of First Listed Defendant: Camden County, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

*CIVIL RIGHTS*
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

*PERSONAL INJURY*
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**

*Habeas Corpus:*
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

*Other:*
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(a) (1) and (2)
Brief description of cause:
Defedant's vehicle struck Plaintiff vehicle

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/07/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| # Lovick Bellinger<br>v.<br>Eddie V. Bell, Jr. and Heritage Mechanical Services, LLC | : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (x)

| 11/7/2018 | _[signature]_ | _Lovick Bellinger_ |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215)467-4666 | (267)639-9006 | LaurenMazzitelli@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Lovick Bellinger, 4065 Higbee Street, Philadelphia, PA 19135__

Address of Defendant: __Eddie V. Bell, Jr., 545 Newton Lake Drive, Apt C0803, Oaklyn, NJ 08107 and Heritage Mechanical Services, LLC, 621 Chapel Avenue East Cherry Hill, NJ 08034__

Place of Accident, Incident or Transaction: __2400 Hunting Park Avenue, at or near Fox Street, in Philadelphia, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/07/2018__    _[signature]_    __324508__
   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☑ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Lauren Mazzitelli__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __11/07/2018__    _[signature]_    __324508__
   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lovick Bellinger<br>4065 Higbee Street<br>Philadelphia, PA 19135<br><br>    Plaintiff<br><br>v.<br>Eddie V. Bell, Jr.<br>545 Newton Lake Drive, Apt C0803<br>Oaklyn, NJ 08107<br><br>And<br><br>Heritage Mechanical Services, LLC<br>621 Chapel Avenue East<br>Cherry Hill, NJ 08034<br>    Defendants | #_____ |

## COMPLAINT

### PARTIES

1. Plaintiff, Lovick Bellinger, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Eddie V. Bell, Jr., is a resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

3. Defendant, Heritage Mechanical Services, LLC, is a corporate entity authorized to conduct business in the State of New Jersey with a business address listed in the caption of this Complaint.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff is a citizen of Pennsylvania and the Defendant, upon

information and belief is a corporate entity with its principal place of business in New Jersey and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

6. On or about May 22, 2017, at or about 12:50 p.m., Plaintiff, Lovick Bellinger, was the operator of a motor vehicle, which was traveling at westbound on 2400 Hunting Park Avenue, at or near Fox Street, in Philadelphia, PA.

7. At or about the same date and time, Defendant, Eddie V. Bell, Jr., was the operator of a motor vehicle, owned by Defendant, Heritage Mechanical Services, LLC, which was traveling on Fox Street, at or around the aforementioned intersection and/or the location of the Plaintiff's vehicle.

8. At or about the same date and time, Defendants' vehicle was involved in a collision with Plaintiff's vehicle.

9. At all times relevant hereto, Defendant, Eddie V. Bell, Jr., was operating the aforesaid Defendant Heritage Mechanical Services, LLC' vehicle as Defendant Heritage Mechanical Services, LLC' agent, servant and/or employee, acting within the scope of his agency.

10. The aforesaid motor vehicle collision was the result of Defendant, negligently, recklessly and/or carelessly, operating his vehicle in such a manner so as to enter Plaintiff's lane of travel, striking Plaintiff's vehicle.

11. The aforesaid motor vehicle collision was a direct result of the negligence, recklessness and/or carelessness of the Defendants and not the result of any action or failure to act by the Plaintiff.

12. As a result of the collision, Plaintiff suffered severe and permanent injuries including neck, back, and shoulder injuries, as are more fully set forth below.

## COUNT I
### Lovick Bellinger v. Eddie V. Bell, Jr.
### Negligence

13. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

14. The negligence, recklessness and/or carelessness of the Defendant, which was the direct cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff s, consisted of but are not limited to the following:

   a. Entering Plaintiff's lane of travel, striking Plaintiff's vehicle;

   b. Operating his vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating said vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiff s or others;

   e. Failing to have said vehicle under proper and adequate control;

   f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the assured clear distance rule;

   h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

t. Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

  u. Being otherwise reckless, careless and/or negligent under the circumstances.

15. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including neck, back, and shoulder injuries, all to Plaintiff's great loss and detriment.

16. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

17. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

18. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

19. As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, Plaintiff suffered damage to his personal property, including his motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

20. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the

Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lovick Bellinger, prays for judgment in Plaintiff's favor and against Defendant, Eddie V. Bell, Jr., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
**Lovick Bellinger v. Heritage Mechanical Services, LLC**
**RESPONDEAT SUPERIOR**

21. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

22. The negligence, recklessness and/or carelessness of the Defendant, Heritage Mechanical Services, LLC, itself and by and through its agent, servant and/or employee, Eddie V. Bell, Jr., acting at all times relevant hereto within the scope of his agency, which was the direct and proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

    a. Striking Plaintiff's vehicle;

    b. Operating his vehicle into Plaintiff's lane of travel;

    c. Failing to maintain proper distance between vehicles;

    d. Operating said vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiff or others;

    e. Failing to have said vehicle under proper and adequate control;

    f. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    g. Violation of the assured clear distance rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff's vehicle;

j. Being inattentive to his duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him;

s. Continuing to operate the vehicle in a direction towards the Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    t.   Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles; and

    u.   Being otherwise reckless, careless and/or negligent under the circumstances.

23.    As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including neck, back, and shoulder injuries, all to Plaintiff's great loss and detriment.

24.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

25.    As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

26.    As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

27.    As a direct result of the negligent, careless, and/or reckless conduct of the Defendant, Plaintiff suffered damage to his personal property, including his motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

28. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lovick Bellinger, prays for judgment in Plaintiff's favor and against Defendant, Heritage Mechanical Services, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT III
### Lovick Bellinger v. Heritage Mechanical Services, LLC
### Negligent Entrustment

29. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

30. The negligence, recklessness and/or carelessness of the Defendant, which was the proximate cause of the aforesaid motor vehicle collision and the resultant injuries sustained by the Plaintiff, consisted of but are not limited to the following:

   a. Permitting Defendant, Eddie V. Bell, Jr., to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

   b. Permitting Defendant, Eddie V. Bell, Jr., to operate the motor vehicle when Defendant, Heritage Mechanical Services, LLC, knew, or in the exercise of due care and diligence, should have known that Defendant, Eddie V. Bell, Jr., was capable of committing the acts of negligence set forth above;

   c. Failing to warn those persons, including the Plaintiff, that Defendant, Heritage Mechanical Services, LLC, knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to Defendant, Eddie V. Bell, Jr.'s negligent operation of the motor vehicle; and

   d. Otherwise negligently entrusting said vehicle to said individual Defendant, Eddie V. Bell, Jr.

31. As a direct and consequential result of the negligent, careless, and/or reckless conduct of the Defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including neck, back, and shoulder injuries, all to Plaintiff's great loss and detriment.

32. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

33. As an additional result of the carelessness, negligence and/or recklessness of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

34. As a further result of Plaintiff's injuries, he has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

35. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the

Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Lovick Bellinger, prays for judgment in Plaintiff's favor and against Defendant, Heritage Mechanical Services, LLC, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: _____
Lauren Mazzitelli, Esquire